■ In the Matter of ARTHUR TULLMAN, Appellant, v ROBERT W. NORTHRUP, Individually and as Town Justice of the Town of Sweden, et al., Respondents.—Judgment unanimously reversed, with costs, and petition granted. Denman, J., not participating. Memorandum: Petitioner appeals from a dismissal of his CPLR article 78 proceeding in which he seeks, *inter alia,* a judgment: (1) prohibiting any prosecution of charges against him pending before respondent Justice Northrup in the Town Court of the Town of Sweden and dismissing said charges; (2) directing that certain suspensions and a ball forfeiture be removed from petitioner's driving record; (3) remitting petitioner's forfeited bail to him; and (4) restoring his driving license. On May 11, 1976 petitioner pleaded guilty in the Town Court of the Town of Sweden before Justice Baker to a reduced charge of driving while ability impaired (Vehicle and Traffic Law, § 1192, subd 1). The plea, which was agreed to on the record by the Assistant District Attorney and defense counsel, was in full satisfaction of all charges then pending against petitioner in the Town of Sweden Justice Court including another charge under Vehicle and Traffic Law (§ 1192, subd 1) before Town of Sweden Justice Northrup. Justice Northrup, however, did not consent to the plea and was apparently not notified of it. Nevertheless, the Vehicle and Traffic

Law (§ 1192, subd 1) charge pending before him was satisfied by the plea before Justice Baker and must be deemed to have been dismissed. The governing section is CPL 220.30 (subd 3), which on May 11, 1976 read: "A plea of guilty, whether to the entire indictment or to part of the indictment, may, with both the permission of the court and the consent of the people, be entered and accepted upon the condition that it constitutes a complete disposition of one or more other indictments against the defendant then pending in the same court." (CPL 220.30, subd [3] was subsequently amd by L 1976, ch 187, § 1, eff Sept. 1, 1976.) There is only one Town Court in the Town of Sweden (UJCA, § 102) and Justices Northrup and Baker were both Justices of that Town Court (UJCA, § 103). Therefore, the charges pending before Justices Baker and Northrup were "pending in the same court" under CPL 220.30 and all charges pending in that court were satisfied by the plea. After the dismissal by Justice Baker on May 11, 1976 of the Vehicle and Traffic Law (§ 1192, subd 1) charges pending before Justice Northrup, there was no charge pending before Justice Northrup and he was without jurisdiction. Because the subsequent suspensions and the bail forfeiture ordered by Justice Northrup necessarily depended upon his having had jurisdiction over the Vehicle and Traffic Law (§ 1192, subd 1) charge and because he lacked such jurisdiction, the suspensions and the bail forfeiture were void. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Witmer, JJ.